UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jessica Dawn Kreason,

        Petitioner,               Case Number: 2:21-10223
                                                Honorable Arthur J. Tarnow

v.

Jeremy Howard,

        Respondent.
_____/

**OPINION AND ORDER HOLDING PETITION FOR WRIT
OF HABEAS CORPUS IN ABEYANCE AND CLOSING CASE**

      Jessica Dawn Kreason, a prisoner in the custody of the Michigan Department of Corrections, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Kreason raises three claims for relief. She has not exhausted her state court remedies for one of the claims raised in the petition. The Court will hold this proceeding in abeyance pending exhaustion of this claim.

**I. BACKGROUND**

      Kreason pleaded guilty in Ottawa County Circuit Court to embezzlement of more than $ 100,000. On January 14, 2019, she was sentenced to five to twenty years imprisonment.

      The Michigan Court of Appeals denied Kreason's application for leave to appeal. *People v. Kreason*, No. 349758 (Mich. Ct. App. Aug. 29, 2019) (ECF No.1, PageID.16).

The Michigan Supreme Court also denied leave to appeal. *People v. Kreason*, 505 Mich. 978 (Mich. Feb. 4, 2020).

Kreason then filed the pending petition. She raises three claims:

I. Sentence was disproportionate and excessive.

II. The trial court erred by adding 10 points for OV 19 based entirely upon hearsay evidence.

III. Defendant was willing to enter a plea of guilty due to plea offer of 0 to 12 months that was discussed previous to the plea hearing and sentencing, but was not informed that the judge would not agree to the plea offer.

(ECF No. 1, PageID.5-8.)

## II. DISCUSSION

A state prisoner filing a petition for a writ of habeas corpus must first exhaust available state court remedies. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process." *Id.* at 845. *See also Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) ("For a claim to be reviewable at the federal level, each claim must be presented at every stage of the state appellate process."). A petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

Kreason raised her third claim for the first time in a brief to the Michigan Supreme Court. Raising a new claim for the first time to a state's highest court on discretionary review does not constitute fair presentation of the claim to the state courts. *Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011) (citing *Castille v. Peoples*, 489 U.S.

2

346, 349 (1989)). A prisoner must comply with the exhaustion requirement as long as there is still a state-court procedure available for her to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available. Kreason may file a motion for relief from judgment in the Ottawa County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, she may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. *See* Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.

When a petition raises unexhausted claims, the Court may hold the proceeding in abeyance pending exhaustion of state court remedies if there is good cause for the failure to exhaust, if the unexhausted claims are not plainly meritless, and if there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Here, Kreason's unexhausted claim is not plainly meritless and her appellate counsel's failure to raise the claim in the Michigan Court of Appeals could constitute good cause. There is no indication that Kreason is attempting to unfairly delay this proceeding. Further, dismissal of the petition might render a future petition untimely. For these reasons, the Court will stay the petition and hold further proceedings in abeyance to allow Kreason to exhaust her claim in state court.

### III.  ORDER

Accordingly, the Court ORDERS the habeas petition STAYED and further proceedings in this matter held in ABEYANCE. Kreason must commence post-conviction proceedings in state court within 90 days of the date of this order. If she is unsuccessful in state court and wishes to return to federal court, she must file an amended

habeas corpus petition and a motion to lift the stay, using the same caption and case number that appear on the first page of this order. The amended petition and motion to lift the stay must be filed within 90 days of exhausting state remedies.

If Kreason wishes to abandon her unexhausted claim she may move to reopen this case and proceed only on the exhausted claim within 60 days of the filing date of this order.

The Court further ORDERS that the Clerk of Court shall administratively close this case.

                                                  s/Arthur J. Tarnow
                                                  ARTHUR J. TARNOW
                                                  UNITED STATES DISTRICT JUDGE

Dated: March 19, 2021